IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER, ) | |
| AIS #147346, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-303-TMH |
| ) | [WO] |
| ) | |
| JUDGE TRACY S. McCOOEY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Roy Lee McAteer ["McAteer"], a state inmate presently confined at the Ventress Correctional Facility. In this complaint, McAteer challenges the constitutionality of the revocation of his probation by the Circuit Court of Montgomery County, Alabama, on November 6, 2008. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3, 6-10. McAteer asserts that this revocation resulted in "an unlawful and illegal incarceration." *Id*. at 10. McAteer names Tracy S. McCooey, the state judge presiding over the revocation proceedings, as the sole defendant in this cause of action. McAteer seeks declaratory relief and monetary damages for the purported violations of his constitutional rights. *Id*. at 4.

Upon review of the allegations contained in the complaint, the court concludes that

this case is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

In his complaint, McAteer presents the following allegations:

> The defendant ..., with full knowledge and intent to do so, entered falsehoods into the record of [his probation revocation proceedings] and thus obstructed justice and denied plaintiff his rights not to be deprived of life, liberty, or property, without due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution. The defendant's knowing and wilful utilization of the falsehoods to deprive plaintiff of constitutional right to due process and, as of this date, over two and one half years of his life, were not actions normally performed by a judge....

*Plaintiff's Complaint - Court Doc. No. 1* at 2-3. In support of his allegations, McAteer maintains that Judge McCooey failed to provide him "any prior notice whatsoever of what he stood accused of ... [and] falsely ascribed to him [during the initial probation revocation appearance on October 5, 2008] the admissions of (1) failing to report to his probation officer, (2) changing his address without permission, and (3) smoking marijuana." *Id*. at 6. McAteer further alleges Judge McCooey entered false notations regarding similar admissions made by him during the parole revocation hearing on November 6, 2008. *Id*. In addition, McAteer complains that "[t]he defendant brought plaintiff before the court on

---

[1] The court granted McAteer leave to proceed *in forma pauperis* in this cause of action. *Order of April 20, 2011 - Court Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

November 6, 2008, and without appointing him counsel or apprising him of his right to request counsel, without one single time giving him prior notice of what he stood accused of, and without giving him even a token opportunity to try and defend himself, violated his probation. The defendant's actions were did either in the face of, or because of, the defendant's complete and brutal awareness that plaintiff was suffering from mental disorders. And then, in an attempt to hide the true facts of what occurred, the defendant falsified the record by assigning admissions to the plaintiff that he never made...." *Id*. at 8.

The aforementioned claims go to the fundamental legality of the revocation of McAteer's probation and his incarceration based on this revocation. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-

conviction collateral relief under 28 U.S.C. § 2255).

McAteer challenges the constitutionality of the revocation of his probation by the Circuit Court of Montgomery County, Alabama on November 6, 2008. A judgment in favor of McAteer on the claims presented in this complaint would imply the invalidity of his current incarceration which is based on the challenged probation revocation. It is clear from the records of this court that the revocation of probation about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attacks on the revocation of McAteer's probation by the Circuit Court of Montgomery County, Alabama and the constitutionality of his resulting incarceration are clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

---

[2] McAteer concedes he recently filed a 28 U.S.C. § 2254 petition for habeas corpus relief with this court in which he challenges the constitutionality of the probation revocation proceedings made the basis of the instant complaint. *McAteer v. Giles, et al.*, Civil Action No. 2:11-CV-57-WHA-SRW. This habeas action is currently pending before the court on the claims presented in the petition and the respondents' assertion McAteer has failed to exhaust his available state remedies regarding each of his habeas claims as required by the provisions of 28 U.S.C. § 2254(1)(b)(1)(A).

ORDERED that on or before May 17, 2011, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE